IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Lee Hayes, ) | Case No.: 6:23-cv-2475-JD-KFM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Director York County Detention Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 20.) Petitioner Henry Lee Hayes ("Petitioner" or "Hayes") proceeding *pro se* and *in forma pauperis* filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Director York County Detention Center ("Respondent"), alleging he is being unlawfully held in pretrial detention. (DE 1.) Petitioner further alleges he has been unlawfully denied bond and was charged with a crime even though he was the victim.[2] Petitioner also contends that he cannot receive a fair trial in York County and has sought to sue individuals in York County who disconnected his sister's life support

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] At the time he filed this action, the Petitioner had pending charges for assault and battery 2nd degree, attempted murder, and possession of a weapon during a violent crime. See York County Public Index, https://publicindex.sccourts.org/York/PublicIndex/PISearch.aspx (enter the petitioner's name and 2022A4610202662, 2022A4610202663, 2023GS4602656) (last visited August 30, 2023). Of note, the Petitioner plead guilty on August 3, 2023, to charges for assault and battery 1st degree (instead of attempted murder) and assault and battery 2nd degree, in exchange for the dismissal of his charge for possession of a weapon during a violent crime. (Id.)

using a fraudulent power of attorney. (DE 1, p. 2.) Liberally construed, Petitioner seeks to have his charges dismissed as relief. (DE 1.)

By order dated June 16, 2023, Petitioner was given an opportunity to provide the necessary information to bring the case into proper form, including paperwork regarding payment of the filing fee (DE 4). Petitioner was warned that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal. (Id. at 1.) Petitioner was also advised to keep the court informed of his current address. (Id. at 2.) Because Petitioner did not respond to the proper form order, on July 13, 2023, Petitioner was provided a second opportunity to bring his case into proper form. (DE 7.) Petitioner was warned again that failure to provide the necessary information and paperwork by the date set in the order may subject the case to dismissal. (Id. at 1.) Petitioner was reminded to keep the court informed about his current address. (Id. at 2.) Petitioner responded to the second proper form order but did not provide all the proper form documents, and subsequently, a third and final proper form order was issued on August 9, 2023. (DE 14.) The third and final proper from order warned Petitioner that failure to provide the necessary information and paperwork by the deadline in the order may subject the case to dismissal. (Id. at 1.) The third and final proper form order again reminded Petitioner to inform the court of his current address. (Id. at 2.) On August 17, 2023, the third and final proper form order was returned to the court as undeliverable mail and stamped, "Return to Sender. Not Deliverable." (DE 16.) Petitioner has not responded to the court's third and final proper form order, and the time for response has lapsed.

The Report was issued on August 30, 2023, recommending the Petition be dismissed for failure to comply with an order of this Court and for failure to exhaust state court remedies. (DE 20.) Petitioner has not objected to the Report. In the absence of objections to the Report and

2

Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 20) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Hayes's Petition is dismissed without prejudice, without leave to amend, and without service of process.  Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 18, 2023

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.